UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
BASHEI LOWENBIEN
on behalf of herself and
all other similarly situated consumers

                         Plaintiff,

     -against-


C. TECH COLLECTIONS, INC.

                         Defendant.

-----------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Bashei Lowenbien seeks redress for the illegal practices of C. Tech Collections, Inc., concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Mount Sinai, New York.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

*Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

*Allegations Particular to Bashei Lowenbien*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about September 25, 2017 Defendant sent the Plaintiff a collection letter seeking to collect on a debt allegedly owed by the Plaintiff.

11. The Defendant sought to collect a balance of $357.00, purportedly owed to NYU Langone Physician Services.

12. The balance due had in fact, already been paid by the Plaintiff's insurance company, United Healthcare.

13. Upon information and belief, the Defendant was fully aware that the balance had already been covered by the Plaintiff's medical insurance, yet the Defendant continued to seek payment from the Plaintiff.

14. The said debt was therefore non-existent as the Plaintiff did not owe the balance.

15. United Healthcare Community Plan (UHC) has stated that due to this activity NYU and Defendant are actually in violation of federal law.

16. NYU Langone Physicians Services violated 42 C.F.R. § 447.15 therefore NYU Langone Physicians Services is un-eligible for future Medicaid compensation.

17. A Medicaid provider is prohibited from seeking payment from a Medicaid beneficiary of

amounts not reimbursed by the state program. 42 C.F.R. § 447.15 provides that a state plan must provide that the Medicaid agency must limit participation in the Medicaid program to providers who accept, as payment in full, the amounts paid by the agency. 42 C.F.R. § 447.15 prevents health care providers and their agents from seeking contributions from patients beyond the limits set by the Medicaid regulatory scheme.

18. The Defendant deceptively engaged in illegal balance billing by seeking to collect on the said account.

19. The Plaintiff's insurance company themselves, informed the Plaintiff that the charges for those alleged medical services rendered had been paid.

20. United Healthcare Community Plan has confirmed that NYU Langone Physicians Services is and was a participating provider.

21. United Healthcare Community Plan has stated that this is an illegal debt.

22. UHC has also confirmed to plaintiff that they paid the contracted rate for this service; in fact, plaintiff got a letter from NYU Langone Physicians Services showing that NYU Langone Physicians Services was bound by the UHC contract and discounted insurance fee. (Exhibit A)

23. UHC has also confirmed to plaintiff that they paid the contracted rate for this service; in fact, plaintiff got a letter from NYU Langone Physicians Services showing that UHC paid this claim. (Exhibit A)

24. The account that the Defendant was seeking to collect upon was non-existent; the Defendant made the Plaintiff believe that she in fact owed such an amount to C. Tech Collections when it was not the case.

25. Defendant misrepresented plaintiffs Debt obligation, in violation of § 1692e(2).

26. Defendants letter misstated Plaintiff's Debt obligation, by requesting payment of the Debt.

27. Defendant used a "false representation" in a debt collection effort in violation of § 1692e(10), and attempted to collect a debt amount not "expressly authorized by the agreement creating the debt or permitted by law" in violation of § 1692f(1)

28. Defendant attempted to collect an amount not authorized by agreement or permitted by law in fact, by attempting to collect on this non-existent debt defendant violated other federal laws.

29. Section 1692e of the FDCPA states:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (2) The false representation of --
>
> (A) the character, amount, or legal status of any debt."

30. Section 1692(f) of the FDCPA states:

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

31. The Defendant misrepresented the legal status of the alleged debt, as the debt was not owed by the Plaintiff.[1]

---

[1] See Vangorden v. Second Round, Ltd. P'ship, No. 17-2186-cv, 2018 U.S. App. LEXIS 20939, at *7-9 (2d Cir. July 27, 2018) ("In sum, because [the debtor] pleaded facts plausibly asserting [the debt collectors] misrepresentation of her Debt obligation, her § 1692e(2) claim should not have been dismissed under Fed. R. Civ. P. 12(b)(6). Further, because the June Letter, after allegedly misstating [the debtors] Debt obligation, requested payment of the Debt, we conclude that [the debtor] has plausibly

32. Defendant violated 15 U.S.C. §§ 1692e(2)(A) and 1692f(1) of the FDCPA for the false representation of the character, amount, or legal status of the debt, and for collecting on a debt which was not expressly authorized by the agreement creating the debt or permitted by law.

33. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

34. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

35. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

36. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

37. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

38. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

39. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits, these materially misleading statements trigger liability

---

alleged that [the debt collector] both used a "false representation" in a debt collection effort in violation of § 1692e(10), and attempted to collect a debt amount not "expressly authorized by the agreement creating the debt or permitted by law" in violation of § 1692f(1)...Thus, by pleading that defendant attempted to collect an amount not authorized by agreement or permitted by law, the plaintiff has stated a plausible claim under § 1692f(1) without need for further allegations of unfairness or unconscionability.")

under section 1692e of the Act.

40. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

41. As an actual and proximate result of the acts and omissions of C. Tech Collections, Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which she should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.*

42. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through forty one (41) as if set forth fully in this cause of action.

43. This cause of action is brought on behalf of Plaintiff and the members of a class.

44. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about September 25, 2017; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to NYU LANGONE PHYSICIAN SERVICES; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e(2)(A) and 1692f(1) for the false representation of the character, amount, or legal status of the debt, and for collecting on a debt which was not expressly authorized by the agreement creating the debt or permitted by law.

45. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    A. Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

    C. The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

    D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

    E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

46. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of

inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

47. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

48. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

49. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

50. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in her favor and against the Defendant and award damages as follows:

    A. Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

    B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

    C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
September 22, 2018

     /s/ Adam J. Fishbein
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

     /s/ Adam J. Fishbein
Adam J. Fishbein (AF-9508)



